# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DR. MONICA A. PRICE,                    )
                                        )
              Plaintiff,       )
                                        )
             v.               )      1:23CV1102
                                        )
DURHAM PUBLIC SCHOOLS,                  )
                                        )
             Defendant.       )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Motion/Request for a Jury Trial (Docket Entry 37) (the "Motion"). (See Docket Entry dated Feb. 20, 2026 (referring Docket Entry 37).) For the reasons that follow, the Court should deny the Motion.

## INTRODUCTION

Plaintiff commenced this pro se action on December 15, 2023 (see Docket Entry 1 (the "Complaint") at 1-7), pursuing claims against Defendant under "Title VII of the Civil Rights Act of 1964" (id. at 3), the "Age Discrimination in Employment Act of 1967" (id.), and "The Civil Rights Act of 1991" (id.). The Complaint alleges that Plaintiff "began working for [Defendant] on or about September 16, 2022, as a Student Success Coach and Testing Coordinator" (id. at 6), and, in June 2023, Defendant declined to renew her contract because of her age and race (see id.). In the Complaint, Plaintiff elected not to request a jury trial. (See id. at 1 (checking box labeled "No" beside prompt indicating "Jury Trial: (check one)" (italics omitted)).)

The Court thereafter established various deadlines, including a discovery deadline of February 2, 2026 (see First Text Order dated June 27, 2025 (adopting Docket Entry 28); see also Docket Entry 28 at 2 (setting discovery deadline)).  Subsequently, on December 30, 2025, the Clerk set a date for the bench trial.  (See Docket Entry 33 (the "Notice") at 1.)  On January 28, 2026, i.e., less than a week before the discovery deadline, Plaintiff filed the Motion, asserting her "belie[f] that the complex nature of this trial may require in addition to a fair and impartial judge the use of a jury."  (Docket Entry 37 at 1.)  According to the Motion, "[s]o many of the factors involved are crucial in the protection of the liberties of not only [] Plaintiff, . . . but all citizens in the United States."  (Id.)  As such, the Motion reasons "that the use of a jury representing the input of citizens will help to, as best as possible, ensure a multi-perspective outcome."  (Id.)  Defendant did not respond to the Motion.  (See Docket Entries dated Jan. 28, 2026, to present.)[1]

DISCUSSION

Civil litigants generally possess a right to a jury trial under the Seventh Amendment, see Fed. R. Civ. P. 38(a), and "may

---

1  Plaintiff did not file a brief in support of the Motion. (See Docket Entries dated Jan. 28, 2026, to present.)  Because the Local Rules require a brief for such motions, see M.D.N.C. LR 7.3(a) & (j), the Court could summarily deny the Motion, see M.D.N.C. LR 7.3(k); however, the Local Rules also would permit the granting of the Motion as a matter of course, due to Defendant's above-noted failure to respond, see M.D.N.C. LR 7.3(k). Under these circumstances, this Recommendation addresses the Motion on the merits.

-2-

demand a jury trial by serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served," Fed. R. Civ. P. 38(b)(1) (colon and paragraph number omitted).  If a party does not properly serve or file a demand, that party waives her right to a jury trial.  See Macsherry v. Sparrows Point, LLC, 973 F.3d 212, 227 (4th Cir. 2020); Fed. R. Civ. P. 38(d).  However, even if a party fails to properly demand a jury trial under Rule 38 of the Federal Rules of Civil Procedure (the "Rules"), "the [C]ourt may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  Absent "exceptional circumstances that would appear to compel the [C]ourt, in the exercise of its discretion, to order a jury trial," Macsherry, 973 F.3d at 229 (internal quotation marks omitted),[2] the Court "enjoy[s] broad discretion to grant or deny a motion under Rule 39(b)," id.  In determining how to exercise that discretion, the Court may consider these four factors:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); [and] (4) any effect a jury trial would have on the [C]ourt's docket and the orderly administration of justice.

Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 n.11 (4th Cir. 1980) (citations omitted).

---

2 No such circumstances appear in the record.

Here, on balance, those factors warrant denial of the Motion. First, Plaintiff's description of the case as complex (<u>see</u> Docket Entry 37 at 1) weighs against forgiving her failure to timely demand a jury trial, because such complexity favors proceeding with a bench trial, <u>see</u> <u>General Tire & Rubber Co. v. Watkins</u>, 331 F.2d 192, 197-98 (4th Cir. 1964) (explaining that complexity of case favored resolution by judge instead of jury); <u>Frankl Miller Webb & Moyers, LLP v. Crest Ultrasonics Corp.</u>, No. 7:19CV143, 2019 WL 5566546, at *2 (W.D. Va. Oct. 28, 2019) (unpublished) (ruling that, where trial involves "complex concepts," first <u>Malbon</u> "factor counsels against holding a jury trial"); <u>SPE GO Holdings, Inc. v. LaRosa</u>, No. 1:09CV66, 2011 WL 96569, at *3 (N.D. W. Va. Jan. 11, 2011) (unpublished) ("This [c]ourt finds that [the issues in this case are] sufficiently complex to probably warrant a bench trial. Therefore th[e first <u>Malbon</u>] factor weighs somewhat against granting the [Rule 39(b)] motion."); <u>see also</u> <u>Vannoy v. Cooper</u>, 872 F. Supp. 1485, 1490 (E.D. Va. 1995) ("Because the issues involved are . . . simple rather than complex, *Malbon* suggests that they are appropriate for resolution by [a] jury.").

Given (A) that Defendant did not respond to the Motion (and thus did not identify any prejudice it would suffer if the Court granted the Motion) and (B) that Plaintiff did not rely on any lack of prejudice to support the Motion, the Court should treat the second <u>Malbon</u> factor as neutral. However, the third <u>Malbon</u> factor tilts decidedly against the Motion, as "Plaintiff waited over two years after filing h[er C]omplaint to first request a jury," <u>Bocek</u>

-4-

v. JGA Assocs. LLC, No. 1:11CV546, 2015 WL 14104064, at \*2 (E.D. Va. Dec. 1, 2015) (unpublished), and "offered no explanation for this delay," id.; see also id. ("Although the lack of explanation or justification need not be dispositive, [the p]laintiff's delay weighs heavily against granting the jury request." (citation omitted)); see also Frankl Miller, 2019 WL 5566546, at \*2 ("Conspicuously absent from [the Rule 39(b) m]otion is any justification for [the] delay in making the jury demand. Such a failure has repeatedly been found undeserving of relief."); Vannoy, 872 F. Supp. at 1490 (concluding that "timing of the motion [requesting jury trial wa]s problematic for the plaintiff," where she filed said motion "less than one week before the discovery cut-off date" and "[t]he record reflect[ed] no reason for this delay").

"The final [Malbon] factor . . . considers the effect of granting the [M]otion on [the Court's docket and] the orderly administration of justice." Gelardi v. Transamerica Occidental Life Ins. Co., 163 F.R.D. 495, 497 (E.D. Va. 1995). "It is a matter of common experience that in civil cases . . . a non-jury trial can fairly and properly be concluded in substantially less time than is usually required in a jury case." Washington Cnty. Ins. Co. v. Wilkinson, 19 F.R.D. 177, 179 (D. Md. 1956). Moreover, "time unnecessarily consumed in the trial of a particular case delays the trial of subsequent cases." Id.; see also id. ("And it is also to be remembered that needlessly longer trials usually involve more expense to litigants . . . ."). "This [C]ourt's docket . . . is planned months in advance according to the number

-5-

of jury and non-jury trials at any given time.  To allow parties to change their minds after affirmatively representing to the [C]ourt a request for a non-jury trial would render the docket unmanageable."  <u>Gelardi</u>, 163 F.R.D. at 497; <u>see also</u> <u>id.</u> (emphasizing that fourth <u>Malbon</u> factor "requires not only a consideration of the difficulty of arranging for trial in the case at bar, but also a consideration of the effect of routinely granting such motions on the overall effectiveness of the court's docketing system").  The final <u>Malbon</u> factor thus counsels against relieving Plaintiff of her waiver of a jury trial.  <u>See</u> <u>id.</u>

"Because three of the four *Malbon* factors weigh against granting [Plaintiff's belated request for] a jury trial, and the fourth factor is neutral, . . . [the Motion should] be denied . . . ."  <u>SPE GO Holdings</u>, 2011 WL 96569, at *4.

CONCLUSION

The Court should decline to rescind the Notice setting this case for a bench trial.

**IT IS THEREFORE RECOMMENDED** that the Motion (Docket Entry 37) be denied.

    /s/ L. Patrick Auld    
**L. Patrick Auld**
**United States Magistrate Judge**

March 20, 2026

-6-