# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DR. MONICA A. PRICE,

      Plaintiff,

    v.

DURHAM PUBLIC SCHOOLS,

      Defendant.

1:23-CV-1102-DAB-LPA

## **ORDER**

This matter is before the Court for review of the Memorandum Opinion and Recommendation filed on March 20, 2026. *3/20/26 Memorandum Opinion and Recommendation of United States Magistrate Judge* (D.E. 45). Plaintiff made a Motion Request for a Jury Trial. *1/28/26 Motion Request for Jury Trial* (D.E. 37). The Magistrate Judge recommends that the Motion be dismissed under the four factors outlined in *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940, n.11 (4th Cir. 1980). D.E. 45, at 3.

Dr. Price filed an objection, which she placed in the mail on April 6, 2026. *4/6/2026 Objection to Recommended Ruling* (D.E. 49, at 4). Defendant did not respond. The Court has reviewed the Magistrate Judge's Opinion and Recommendation and Plaintiff's Objection. After conducting a *de novo* review pursuant to Fed. R. Civ. P. 72(b)(3), and construing Dr. Price's pro-se filing liberally, the Court adopts the recommendation.

Dr. Price's objection does not address her Motion for a jury trial. Instead, it focuses on her request that Defendant provide discovery. This issue has been addressed by the Court in its March 20, 2026, Text Order, which held:

> … [On] 06/27/2025, the Court (per the issuing Magistrate Judge) adopted Joint Rule 26(f) Report, which established 02/02/2026 as the discovery deadline. Moreover, via Text Order dated 02/21/2026, the Court (per the issuing Magistrate Judge) made clear that the two items

of relief granted therein to Defendant in connection with the Motion to Extend Discovery Deadline (i.e., additional time to receive Plaintiff's responses to Defendant's timely served discovery requests and to conduct Plaintiff's deposition by 04/30/2026) did "not extend the discovery period for any purpose other than the two purposes specified [therein]." Accordingly, pursuant to Local Rule 26.1(c), Plaintiff had to serve any interrogatories or document requests in time to allow Defendant the allotted time to respond within the discovery period. In [Plaintiff's] Motion [to Compel], however, Plaintiff had asked the Court to compel Defendant to respond to interrogatories she allegedly served on 01/12/2026 and 01/13/2026, as well as document requests she allegedly served on 03/12/2026. Because Federal Rule of Civil Procedure 33(b)(2) allotted Defendant 30 days to respond to interrogatories, Plaintiff's alleged service of interrogatories occurred too late. And her service of document requests (more than a month after the discovery deadline) obviously also occurred too late. As such, the Court would not compel any response from Defendant.

In her objection, Dr. Price acknowledges that her discovery requests were not "in alignment with the original timeframe" and did not comply with applicable deadlines. D.E. 49, at 1. This admission, together with the Court's prior ruling, provides no basis for revisiting or disturbing the established discovery deadlines.

Accordingly, it is ORDERED that the Magistrate Judge's Recommendation, *3/20/26 Memorandum Opinion and Recommendation*, is adopted and this action is dismissed without prejudice.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 24th day of April, 2026.

 */s/ David A. Bragdon*
United States District Judge