**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DR. MONICA A. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23cv1102 |
| | ) | |
| DURHAM PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on (i) "Defendant's Motion for Summary Judgment" (Docket Entry 54 (the "Judgment Motion") at 1)[1] filed by Durham Public Schools (the "Defendant") and (ii) the "Request for Hearing Regarding the Motion for Summary Judgement" (Docket Entry 64 (the "Hearing Motion") at 1) filed by Monica A. Price (at times, the "Plaintiff"). For the reasons that follow, the Court (i) should grant the Judgment Motion and (ii) will deny the Hearing Motion.

**BACKGROUND**

Alleging race and age discrimination in violation of "Title VII of the Civil Rights Act of 1964" ("Title VII") and the "Age Discrimination in Employment Act of 1967" (the "ADEA") (Docket

---

1 For legibility reasons, this Opinion generally omits bold and all-cap font, as well as the word "the" in front of "Defendant," in quotations from the parties' materials. [Docket Entry page citations utilize the CM/ECF footer's pagination.]

Entry 1 (the "Complaint") at 3),[2] Plaintiff sued Defendant, her former employer, following non-renewal of her employment contract in June 2023 (see, e.g., id. at 6). Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), asserting, inter alia, that "Plaintiff has failed to exhaust her administrative remedies." (Docket Entry 9 at 1.) Because Defendant's administrative exhaustion challenge constituted an affirmative defense not resolvable at the motion to dismiss stage (see Docket Entry 18 at 11-14), the Court (per then-Senior United States District Judge Loretta C. Biggs) denied Defendant's dismissal request (see Docket Entry 21 at 1 (adopting Docket Entry 18)). The parties subsequently engaged in discovery (see, e.g., Text Orders dated Feb. 21, 2026 (granting motion to compel discovery and extending discovery deadline)), after which Defendant moved for summary judgment on the grounds, inter alia, that the "Complaint is untimely" (Docket Entry 55 at 26).

---

2 The Complaint also identifies "[t]he Civil Rights Act of 1991" (at times, the "1991 Act") as a "specific federal statute[] . . . at issue in this case." (Id.) The 1991 Act "creates a right to recover compensatory and punitive damages for certain violations of Title VII" and authorizes a jury trial "if such damages are sought." Landgraf v. USI Film Prods., 511 U.S. 244, 247 (1994). However, it does not create an independent cause of action. See, e.g., McGraw v. Nutter, No. CV 20-265, 2020 WL 7425308, at *2 (D. Md. Dec. 18, 2020) ("[T]he Civil Rights Act of 1991 does not give rise to an independent cause of action."); Pollard v. Wawa Food Mkt., 366 F. Supp. 2d 247, 251-52 (E.D. Pa. 2005) (explaining that "the [1991 Act] provides additional remedies for plaintiffs who can otherwise show violations of Title VII, but does not create a new cause of action," and collecting cases).

As relevant to that contention, the record reflects:

On September 1, 2023, the Equal Employment Opportunity Commission (the "EEOC") issued a Right to Sue letter addressed to Plaintiff at a Post Office Box in Garner, North Carolina. (See Docket Entry 16 at 2.) The Right to Sue letter emphasizes that any "**lawsuit must be filed WITHIN 90 DAYS of [Plaintiff's] receipt of this notice**" and cautions that "[Plaintiff's] right to sue based on [her] charge will be lost if [she] do[es] not file a lawsuit in court within 90 days." (Id. (bold and all-cap font in original); see also id. (explaining that "[r]eceipt generally occurs on the date that you (or your representative) view this document" and that "[y]ou should keep a record of the date you received this notice").)

As for the timing of Plaintiff's receipt of the Right to Sue letter, the following exchange occurred at Plaintiff's deposition:

> [Defense counsel:] But what it attached, I believe, is what you were just referring to; right? — the right to sue letter?
>
> [Plaintiff:] Yes.
>
> [Defense counsel:] Okay. And that was issued September 1, 2023?
>
> [Plaintiff:] Correct.
>
> [Defense counsel:] Okay. And you received this letter; correct?
>
> [Plaintiff:] I did.
>
> [Defense counsel:] When it was issued?

[Plaintiff:] I did.

[Defense counsel:] Okay. Put that to the side. . . .

(Docket Entry 54-20 at 31.)

On November 30, 2023, Plaintiff signed (see Docket Entry 1 at 5) and mailed (see Docket Entry 1-1 at 1) her Complaint. As the Court's website warns, "[a]ll case correspondence should be directed to the Clerk, U.S. District Court for the Middle District of North Carolina, 324 W. Market Street, Greensboro, NC 27401-2544. Filings are not accepted at the Durham courthouse." https://ncmd-admin.jdc.ao.dcn/court-info/court-locations/durham (last accessed Oct. 1, 2026) (red font in original).[3] However, rather than sending the Complaint to the Court's Clerk's Office, Plaintiff addressed her mailing:

> Attention: Clerk of U.S. District Court
> PO Box 1091
> Durham NC 27702

(Docket Entry 1-1 at 1.) The envelope arrived at a federal judge's chambers in Durham on December 7, 2023. (See id. at 2.) The judge's chambers transmitted the mailing to the Clerk's Office, which received and filed the Complaint on December 15, 2023. (See Docket Entry 1 at 1.)

---

3 The Court's pro se instruction packet likewise provides the Greensboro address for the Clerk's Office and specifies that a litigant "may file [a complaint and associated materials] by delivering or mailing them to the Clerk's Office at the address found in this packet." Pro Se Guide and Forms, December 2015, at 5, 7, https://www.ncmd.uscourts.gov/sites/ncmd/files/pro_se.pdf (last accessed Oct. 1, 2026).

For her part, Plaintiff asserts that "[t]he [C]omplaint was not filed two weeks after the deadline as contended by Defendant." (Docket Entry 57 at 1; accord Docket Entry 58 at 1.) Plaintiff does not specify, however, the date upon which she received the Right to Sue letter. (See Docket Entries 57 to 59, 61 to 61-12, 63.)[4] According to the findings of fact of an apparent appellate

---

4 Even if these documents had specified the date of receipt, Plaintiff failed to verify her various responses to the Judgment Motion, rendering inadmissible any assertions she made therein. More specifically, Plaintiff submitted an unsworn "Response to Defendant's Request for Summary Judgment" (Docket Entry 57 at 1) and an unsworn "Response to Defendant's Request for Summary Judgment Revised Version" (Docket Entry 58 at 1). (See generally Docket Entries 57-58.) After Defendant asserted that Plaintiff "failed to adduce any *evidence* establishing a genuine issue of material fact for a trial on her discrimination claims" (Docket Entry 60 at 2 (emphasis in original)), Plaintiff submitted the "Affidavit of Dr. Monica A. Price" (Docket Entry 61 at 1). Despite its title and opening recital that "Dr. Monica A. Price, being first duly sworn, deposes and says" (id. at 1), the document "do[es] not qualify as [an] affidavit[] and [should] not [be] considered by the Court when ruling on [the Judgment Motion]," Williams v. Gilbert, No. 7:22cv668, 2024 WL 1261211, at *4 (W.D. Va. Mar. 25, 2024) (internal quotation marks omitted). "[A]n affidavit, by definition, is a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath." Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (emphasis in original) (internal quotation marks omitted); accord, e.g., Patterson v. Stanly Cnty. Det. Ctr., No. 1:22cv515, 2024 WL 1936499, at *7 (M.D.N.C. May 2, 2024), appeal dismissed sub nom. Patterson v. Morrison, No. 24-6668, 2024 WL 5311150 (4th Cir. Sept. 17, 2024). "Alternatively, federal law provides that, if a declaration is not sworn before an official authorized to administer an oath, it may nevertheless be admissible to support a summary judgment motion if made under penalty of perjury." Patterson, 2024 WL 1936499, at *7 (internal quotation marks and brackets omitted); accord, e.g., Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). The document at issue here contains no information regarding "the nature of any oath or the identity/authority of any oath-giver," Patterson, 2024 WL 1936499, at *7. (See Docket Entry 61 at 1-15.) Moreover,

decision by the North Carolina Department of Commerce Division of Employment Security Appeals Section regarding Plaintiff's entitlement to unemployment benefits, though, "[o]n September 1, 2023, [Plaintiff] received a Determination and Notice of Rights from the EEOC as evidenced by [Defendant's] exhibits 19R-26R."[5] (Docket Entry 61-2 at 4.)[6]

---

Plaintiff's later-submitted "G.S. § 10B-41 Notarial Certificate for Acknowledgment" (Docket Entry 63 at 1) merely reflects the notary's "certif[ication] that [Plaintiff] personally appeared before [the notary] this day, [July 20, 2026,] acknowledging to [the notary] that [Plaintiff] signed the foregoing document" (id.). "The notary's certificate simply means that [Plaintiff's] signature is authentic." Network Computing Servs. Corp. v. Cisco Sys., Inc., 152 F. App'x 317, 321 (4th Cir. 2005). "It is not a substitute for language indicating that [Plaintiff] understood [she] risked prosecution for perjury if [she] gave false testimony." Id. Accordingly, this document does not qualify as admissible evidence for summary judgment purposes. See, e.g., Patterson, 2024 WL 1936499, at *7; see also, e.g., Wallace v. Butts, No. 5:23ct3005, 2025 WL 2617688, at *1 & n.2 (E.D.N.C. Sept. 10, 2025) (determining that document with Notarial Certificate did not qualify as evidence for summary judgment purposes), aff'd, No. 25-6863, 2026 WL 1802655 (4th Cir. June 23, 2026); Pratt v. Allbritton, No. 4:16cv198, 2018 WL 4610151, at *7 (E.D.N.C. Aug. 8, 2018) (analyzing Section 10B-41 Notarial Certificate and concluding that such certificate remains "insufficient to establish [a document] as an affidavit"), recommendation adopted, No. 4:16cv198, 2018 WL 4604522 (E.D.N.C. Sept. 21, 2018), aff'd sub nom. Pratt v. Albriton, 764 F. App'x 343 (4th Cir. 2019).

5 Plaintiff did not provide the referenced exhibits with this decision. (See Docket Entry 61-2 at 1-10.)

6 The decision also lists as a factual finding that, "[o]n or about November 30, 2023, [Plaintiff] filed a lawsuit against [Defendant] but[] the summons was not served until May 2, 2024." (Id.) For the reasons explained below, Plaintiff actually filed her lawsuit on December 15, 2023; she just mailed her Complaint on November 30, 2023. (See Docket Entry 1 at 1; Docket Entry 1-1 at 1.)

## DISCUSSION

### I. Summary Judgment Standards

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of such dispute. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In analyzing a summary judgment motion, the Court "tak[es] the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). In other words, the nonmoving "party is entitled to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to him." Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (brackets and internal quotation marks omitted). If, applying this standard, the Court "find[s] that a reasonable jury could return a verdict for [the nonmoving party], then a genuine factual dispute exists and summary judgment is improper." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996).

Nevertheless, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Moreover, "the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Lewis v. Eagleton, No. 4:08cv2800, 2010 WL 755636, at *5 (D.S.C. Feb. 26, 2010) (citing Baber v. Hospital Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992)), aff'd, 404 F. App'x 740 (4th Cir. 2010). Further, factual allegations in a complaint or other court filing constitute evidence for summary judgment purposes only if sworn or otherwise made under penalty of perjury. See Reeves v. Hubbard, No. 1:08cv721, 2011 WL 4499099, at *5 n.14 (M.D.N.C. Sept. 27, 2011), recommendation adopted, slip op. (M.D.N.C. Nov. 21, 2011).

**II. Summary Judgment Analysis**

Defendant first seeks summary judgment on the grounds that "Plaintiff's action is untimely because she did not file suit within 90 days of receiving her Notice of Rights letter from the EEOC." (Docket Entry 55 at 13; see, e.g., id. at 13-15.) In response, Plaintiff maintains, in full:

> The [C]omplaint was not filed two weeks after the deadline as contended by Defendant. Additionally, this [C]omplaint was filed in 2023 and the Right to Sue letter was presented to Defendant at that time. If Defendant had legitimate concerns about the filing date, then it would seem reasonable that they [sic] would have brought

this matter to the attention of the [C]ourt prior to this time.

(Docket Entry 57 at 1-2; accord Docket Entry 58 at 1-2.) Defendant's position should prevail.

As an initial matter, Plaintiff included neither the Right to Sue letter nor information regarding her receipt thereof in her pleadings. (See Docket Entries 1, 14.)[7] Accordingly, Defendant could not properly raise, and the Court could not adjudicate, the timeliness of her Complaint at the motion to dismiss stage. (See, e.g., Docket Entry 18 at 11-14.) Thus, Plaintiff's implication that Defendant lacks "legitimate concerns about the filing date" (Docket Entry 57 at 1-2; accord Docket Entry 58 at 1-2) misses the mark.

Regardless, a Title VII or ADEA plaintiff must file suit "[w]ithin 90 days of receipt of the [EEOC's Right to Sue letter]." 29 C.F.R. § 1614.407; see also, e.g., Dixon v. Digital Equip. Corp., No. 92-1483, 976 F.2d 725 (table), 1992 WL 245867, at *1 (4th Cir. 1992) ("[The United States Court of Appeals for the Fourth Circuit] ha[s] held that the right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period following receipt of the EEOC's right to sue letter, pursuant to [42 U.S.C.] § 2000e-5(f)(1).").

---

7 Instead, Plaintiff submitted the Right to Sue letter only after Defendant finished briefing its Rule 12(b)(6) dismissal motion. (See Docket Entries 15-16.)

"This requirement functions as a statute of limitations for all intents and purposes." Smith v. Brennan, No. 8:17cv3334, 2019 WL 3046108, at *5 (D. Md. July 11, 2019) (brackets and internal quotation marks omitted) (collecting cases). Therefore, "[t]he date on which [Plaintiff] received the EEOC letter becomes critical in determining the commencement of the 90-day period." Nguyen v. Inova Alexandria Hosp., No. 98-2215, 187 F.3d 630 (table), 1999 WL 556446, at *3 (4th Cir. 1999).

"[I]f the actual date of receipt is confirmed by evidence, that date governs." Id. "If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to [Rule 6(d)]." Id.; see also, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 & n.1 (1984) (explaining that "[a] notice of right to sue was issued to [the plaintiff] on January 27, 1981," and that "[t]he presumed date of receipt of the notice was January 30, 1981" (citing Fed. R. Civ. P. 6)); Dixon, 1992 WL 245867, at *1 (explaining that "Rule 6([d]) adds an additional three days to any prescribed period where service of notice commences the limitations period and notice is provided by mail"); Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007) ("When the date that a potential [ADEA] plaintiff received actual notice of right to sue is disputed or unknown, [Rule 6(d)] creates the presumption that notice was received three days after it was mailed.").

Here, construing the record in Plaintiff's favor as the nonmoving party, the date of her receipt of the Right to Sue letter qualifies as "disputed or unknown," Panyanouvong, 525 F. Supp. 2d at 796, as Plaintiff's deposition testimony contains some ambiguity regarding the date of receipt (see Docket Entry 54-20 at 31 (agreeing that Plaintiff received letter "[w]hen it was issued" rather than on specific date)) and the apparent state unemployment appeals decision's factual findings do not bind this Court. The EEOC issued the Right to Sue letter on September 1, 2023. (See Docket Entry 16 at 2.)[8] Pursuant to Rule 6(d), "[t]he presumed date of receipt of the notice was [September 4, 2023]," Baldwin, 466 U.S. at 148 n.1, making Monday, December 4, 2023, Plaintiff's filing deadline.[9] Plaintiff mailed her Complaint on November 30, 2023. (See Docket Entry 1-1 at 1 (bearing postage-paid date of November 30, 2023); see also Docket Entry 1 at 5 (bearing "[d]ate of signing" of "11/30/2023").) However, rather than mailing the Complaint to the Court's Clerk's Office in Greensboro, North Carolina, Plaintiff addressed her mailing to a Post Office Box in Durham, North Carolina. (See Docket Entry 1-1

---

8 If Plaintiff received the Right to Sue letter on September 1, 2023, the ninety-day period elapsed on Thursday, November 30, 2023.

9 Because the actual ninety-day period elapsed on Sunday, December 3, 2023, the Rules automatically extended the deadline to the next business day, Monday, December 4, 2023. See Fed. R. Civ. P. 6(a)(1)(C).

at 1.) A federal judge in Durham received Plaintiff's mailing on December 7, 2023. (See id. at 2.) The Clerk's Office did not receive the Complaint until December 15, 2023. (See Docket Entry 1 at 1.)

Under the Rules, "[a] civil action is commenced by filing a complaint with the [C]ourt." Fed. R. Civ. P. 3. "Rule 5([d]) defines what constitutes filing with the [C]ourt." Fed. R. Civ. P. 3 Advisory Committee's Notes, 1937 Adoption. Under Rule 5, "[a] paper not filed electronically is filed by delivering it: (A) to the [C]lerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the [C]lerk." Fed. R. Civ. P. 5(d)(2). Nothing in the record indicates that the Durham judge agreed to accept the Complaint for filing, making December 15, 2023, the date of delivery to the Clerk, the filing date. (Compare, e.g., Docket Entry 1-1 at 2 (bearing "Received" stamp), with Docket Entry 1 at 1 (bearing "Filed" stamp).) As such, Plaintiff filed this action 102 days after the date of presumed receipt of the Right to Sue letter.[10] "Thus, Plaintiff's [C]omplaint is untimely and must be

10 Notably, even if the Court deemed the Complaint filed as of December 7, 2023, the day it arrived at the judge's chambers in Durham, it would still qualify as untimely.

dismissed as a matter of law." Scoggins v. Hillcrest Foods, Inc., 339 F. Supp. 2d 702, 705 (M.D.N.C. 2004).[11]

The Court should therefore grant the Judgment Motion.[12]

**III. Hearing Motion**

Three months after Plaintiff initially responded to the Judgment Motion, she submitted the Hearing Motion. (Compare Docket

---

11 Plaintiff "alleged no grounds for equitably tolling the limitations period, and none is evident on this record," Dixon, 1992 WL 245867, at *1. (See Docket Entry 57 at 1-2; Docket Entry 58 at 1-2.) As Plaintiff's enclosure letter to defense counsel states, "[e]ven after obtaining th[e Right to Sue] letter, [Plaintiff] waited to go forward with the official filing" of her Complaint (Docket Entry 16 at 1), the "[address] mistake was [Plaintiff's] own fault[,] and there is no justification for tolling the 90-day period," Nguyen, 1999 WL 556446, at *4. See, e.g., id. (concluding that no grounds for equitable tolling existed where the plaintiff "had 80 days [after opening letter] to file her complaint before the 90-day deadline," and collecting cases); Dixon, 1992 WL 245867, at *1 (dismissing as "clearly untimely" complaint filed one day late due to calculation error, even though, if presumption applied, "complaint w[ould be] timely filed").

12 Even if Plaintiff's Complaint qualified as timely, Defendant would still prevail because Plaintiff failed to submit admissible evidence to counter Defendant's evidence that performance issues rather than race or age discrimination prompted the disputed conduct, including non-renewal of Plaintiff's employment contract. (See, e.g., Docket Entry 54-13, ¶¶ 1-41 (detailing "ongoing concerns with [Plaintiff] that persisted throughout the 2022-2023 school year" and averring that "[the] decision to recommend the non-renewal of [Plaintiff's] contract was based on her documented performance deficiencies and her demonstrated unwillingness to put into practice recommendations and instructions for improvement" and "was not based in any way on her race or age").) As discussed above, Plaintiff did not sign her purported affidavit or responses to the Judgment Motion under oath or penalty of perjury, rendering inadmissible her unsworn allegations therein. Moreover, the exhibits that Plaintiff submitted with those documents do not create a material factual dispute with Defendant's evidence. (See Docket Entries 57-1 to 57-8, 58-1 to 58-8, 61-1 to 61-12.)

Entry 57 at 1, 22, with Docket Entry 64 at 1.) This document states, in full:

> I, [Plaintiff], pro se litigant request a hearing to discuss the [Judgment Motion] presented by [Defendant]. I would greatly appreciate an opportunity to appear at a time and date amenable to the [C]ourt. Thank you for your time and consideration.

(Docket Entry 64 at 1.)

Under this Court's Local Rules:

> Motions shall be considered and decided by the Court on the pleadings, admissible evidence in the official court file, motion papers and briefs, without hearing or oral argument, unless otherwise ordered by the Court. Special considerations thought by [litigants] sufficient to warrant a hearing or oral argument may be brought to the Court's attention in the motion or briefs.

M.D.N.C. LR 7.3(c)(1). Notably, the Hearing Motion does not identify any "[s]pecial considerations . . . sufficient to warrant a hearing," id., on the Judgment Motion. (See Docket Entry 64 at 1.) Moreover, contrary to this Court's Local Rules, see M.D.N.C. LR 7.3(a) (requiring, with certain non-relevant exceptions, that "[a]ll motions . . . be accompanied by a brief"), Plaintiff failed to submit a brief in support of the Hearing Motion (see Docket Entries dated Aug. 21, 2026, to present). This failure alone justifies denial of the Hearing Motion. See M.D.N.C. LR 7.3(k). Regardless, Plaintiff has not identified any reason "sufficient to warrant a hearing," M.D.N.C. LR 7.3(c)(1), on the Judgment Motion and the record reveals none. Therefore, particularly given the

straightforward nature of the legal issues involved in the Judgment Motion, the Court will deny the Hearing Motion.

## CONCLUSION

A hearing on the Judgment Motion remains unnecessary, and Plaintiff's lawsuit qualifies as untimely.

**IT IS THEREFORE ORDERED** that the Hearing Motion (Docket Entry 64) is **DENIED.**

**IT IS RECOMMENDED** that the Court grant the Judgment Motion (Docket Entry 54).

This 1st day of October, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**