IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DR. MONICA A. PRICE,<br><br>Plaintiff,<br><br>v.<br><br>DURHAM PUBLIC SCHOOLS,<br><br>Defendant. | 1:23-CV-1102 |

**<u>ORDER</u>**

This matter is before the Court on the Recommendation of the magistrate judge. Plaintiff Dr. Monica Price brings claims against Durham Public Schools ("Defendant") for race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *See Complaint*, D.E. 1 (Dec. 15, 2023). Defendant moves for summary judgment on all claims. *Motion for Summary Judgment*, D.E. 54 (Apr. 30, 2026). The magistrate judge recommends granting Defendant's motion. *Memorandum Opinion, Order and Recommendation of the United States Magistrate Judge*, D.E. 68, at p. 15 (Oct. 1, 2026). This Court adopts the Recommendation except for footnote twelve and dismisses this action.[1]

**FACTUAL BACKGROUND**

Dr. Price was formerly employed by Defendant on a one-year teaching contract as a Student Success Coach and Testing Coordinator at Defendant's Ignite Online Academy in late 2022. D.E. 1, at p. 6. Defendant elected not to renew the contract for the next year, citing negative reviews and performance concerns. *Id.*; *Exhibit C – Nonrenewal Notice*, D.E. 54-4 (Apr. 30, 2026). After receiving notice of her nonrenewal, Dr. Price filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Exhibit S – Price Deposition*, D.E. 54-20, at p. 30 (Apr. 30, 2026).

[1] Footnote twelve alternatively resolves the case on the merits. *See* D.E. 68, at p. 13 n.12. The Court finds it unnecessary to reach this issue.

The EEOC ultimately dismissed Dr. Price's charge and issued her a right-to-sue letter on September 1, 2023. *Supplement to Response to Motion to Dismiss*, D.E. 16, at p. 2 (July 19, 2024). Dr. Price testified in her deposition that she received her right-to-sue letter the day it was issued. D.E. 54-20, at p. 31; *see also Response to Magistrate's Recommendation*, D.E. 73, at p. 2 (Oct. 19, 2026).

Dr. Price does not object specifically to any portion of the Magistrate's recommendation, but she has filed two documents containing factual assertions that provide additional context for this Court to consider. *Response to Magistrate's Recommendation*, D.E. 72 (Oct. 16, 2026); D.E. 73, at p. 3.[2] Dr. Price clarified that she waited until November 30, 2023, ninety days after her right-to-sue letter was issued, to mail her complaint. D.E. 73, at p. 3. She addressed the envelope containing her complaint to the Clerk of the U.S. District Court at PO Box 1091 in Durham, North Carolina. *Complaint Envelope*, D.E. 1-1, at p. 1 (Dec. 15, 2023). The Durham courthouse does not accept filings, though, and the correct address for mailing filings is the Clerk's office in Greensboro, North Carolina. D.E. 68, at p. 4. After Dr. Price's envelope was delivered to a federal judge's chambers in Durham on December 7, D.E. 1-1, at p. 2, it was then transferred to Greensboro where it was deemed filed by the Clerk on December 15. D.E. 1, at p. 1.

## LEGAL STANDARD

Any party may object to a magistrate judge's proposed findings and recommendations, and the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After reviewing the record, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Moreover, "[p]ro se litigants are entitled to some deference from courts." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). And it is "long-standing practice [] to construe *pro se* pleadings liberally." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

[2] As the magistrate judge correctly noted, many of the assertions made to this Court by Dr. Price have been included in filings that are neither sworn to nor made under penalty of perjury. *See* D.E. 68, at p. 5 n.4. While factual assertions included in Dr. Price's unsworn filings would not ordinarily be admissible evidence—and are therefore ordinarily inappropriate to consider for summary judgment—the Court recognizes that Dr. Price proceeds pro se and will construe her filings as affidavits for the purposes of this motion.

P. 56(a); *Zahodnick v. IBM*, 135 F.3d 911, 913 (4th Cir. 1997). Because substantive law determines materiality, only facts that "might affect the outcome of the suit under the governing law" are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The movant bears the initial burden of showing "the absence of any genuine issues of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citation modified). Once that burden is met, the nonmoving party must "present evidence from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257. When making a summary judgment determination, the court must view the evidence and all justifiable inferences in the light most favorable to the non-moving party. *Zahodnick,* 135 F.3d at 913. While all justifiable inferences are drawn in the favor of the non-movant, he "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248 (citation modified).

## DISCUSSION

Dr. Price filed a response to the Magistrate's Recommendation in which she provided additional factual assertions which she argues creates a genuine dispute of material facts as to whether she timely filed her complaint. *See* D.E. 73, at pp. 1–4. Among other things, she explains that she had a difficult time finding an attorney and that such difficulty was in part responsible for her delay in filing. *See* D.E. 73, at p. 3. Dr. Price also included a section titled "Summary and Clarification of Request" in which she provided additional argument regarding her discrimination claims. *See* D.E. 73, at pp. 4–7.

Because Dr. Price is pro se, the Court construes the first portion of her submission as tantamount to an objection to the magistrate's conclusion that equitable tolling does not apply here. *See* D.E. 68, at p. 13 n.11. And the Court views the second portion as objecting to the magistrate's alternative conclusion that her claims fail on the merits. *See id.* at n.12. Because the Court agrees with the Magistrate that Dr. Price failed to timely file her suit, it adopts the recommended disposition and dismisses this action without reaching the merits.

### I. Dr. Price did not timely file her complaint

Title VII actions must be filed within ninety-days after a party exhausts their administrative remedies and receives a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). In general, courts construe this requirement strictly. *See, e.g.*, *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding ninety-one days untimely). The ninety-day clock starts when the right-to-sue letter is delivered to the plaintiff's home, even if the plaintiff is unaware of its delivery. *Id.* In circumstances where there is ambiguity or uncertainty about the date of receipt,

courts may rely on Rule 6(d) to presume the right-to-sue letter was delivered to plaintiff three days after it was issued (i.e., mailed by the EEOC). *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); Fed. R. Civ. P. 6(d).

Dr. Price was issued her right-to-sue letter on September 1, 2023. D.E. 72-1, at p. 2. In her deposition, Dr. Price acknowledged that she received it the same day. D.E. 54-20, at p. 31. The Recommendation allowed for ambiguity regarding when Price received the letter. D.E. 68, at p. 11. This Court believes the record establishes that Price received the right-to-sue letter on September 1, 2023. But even if the Court gives Price the benefit of the three-day presumption, ninety days forward from September 4 was Sunday, December 3, 2023. The latest date that Price could have timely filed her suit was Monday, December 4, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

A complaint is deemed filed when it is *delivered* to the Clerk (or to a judge), not when it is mailed. *See* Fed. R. Civ. P. 5(d)(2). Price mailed her complaint, addressed to a Post Office Box in Durham, on November 30, 2023. D.E. 1-1, at p. 1. A federal judge in Durham first received her complaint on December 7, but Price had mailed her complaint to the wrong courthouse. D.E. 68, at p. 4; *see* D.E. 72, at p. 3. The Clerk's Office at the Greensboro courthouse did not deem Dr. Price's complaint filed until December 15, 2023, the date on which she paid her filing fee. D.E. 72, at p. 4.

Dr. Price argues that December 15—the date she wrote a new check to pay the correct sum for the filing fee—should not be considered the filing date, and that the Court should instead consider the date the complaint arrived at the Clerk's office. *See id.* The Court acknowledges that Dr. Price is correct as a legal matter: an action "is commenced for limitations purposes when a plaintiff delivers a complaint to the district court clerk," regardless of if or when the filing fee is paid. *Allen v. Atlas Box & Crating Co.*, 59 F.4th 145, 151 (4th Cir. 2023). But as a factual matter, there is no way to review the record and conclude that Dr. Price's complaint was timely delivered.

Dr. Price's complaint was first delivered to a federal judge in Durham. D.E. 1-1, at p. 2. Rule 5(d)(2) provides that a complaint may be filed by delivering it to "a judge who agrees to accept it for filing" who must then "note the filing date on the paper and promptly send it to the clerk." Nothing suggests that the judge in Durham accepted the complaint for filing, as required by the rule. But even if he had, and even if this Court deems Price's complaint to have been filed on December 7, Price missed her deadline of December 4—which itself assumes she gets to benefit from the three-day presumption of when she received her right-to-sue letter. Thus, the Court finds that no reasonable jury could conclude that Dr. Price timely filed her lawsuit.

## A. Equitable tolling is not justified here

Where a Title VII action has not been timely filed, a court is permitted to equitably toll the filing period if there are reasonable grounds to do so. *Harvey*, 813 F.2d at 654. The doctrine of equitable tolling applies in circumstances where "(1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2) extraordinary circumstances beyond the plaintiff's control prevent her from filing on time." *Ott v. Md. Dep't of Public Safety & Corr. Servs.*, 909 F.3d 655, 660–61 (4th Cir. 2018). The Fourth Circuit has instructed that this doctrine should be applied "infrequently, so that individualized hardship and subjective notions of fair accommodation do not supplant the rules of clearly drafted statutes." *Id.* at 661 (citation modified). The inquiry, then, is whether this is one of those "rare instances" in which "due to circumstances external to the party's own conduct" the failure to timely file should be excused. *Id.* (citation modified).

The Court concludes this is not one of those instances. There is no evidence that Dr. Price was unaware of the ninety-day deadline. Instead, she seems to acknowledge that she received the right-to-sue letter on September 1 and that she was aware of what she calls a "postmark deadline of November 30, 2023." D.E. 54-20, at p. 31; D.E. 72, at p. 2. There is also no evidence that Dr. Price thought she had done all she needed to initiate her lawsuit. The right-to-sue letter itself made clear that her "right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days" and no party instructed Dr. Price any differently. D.E. 16, at p. 2; *see Baldwin*, 466 U.S. at 151 (refusing to apply equitable tolling where the party was not misled by the court or by the defendant). To the contrary, Dr. Price represented that she intentionally "waited to go forward with the official filing" of her claim. D.E. 16, at p. 1.

The Court acknowledges that Dr. Price claims she was seeking counsel during the time between receiving her right-to-sue letter and the time she mailed her complaint. D.E. 72, at p. 2. But neither a litigant's pro se status nor her inability to obtain counsel constitute such "extraordinary circumstance[s]" as to warrant tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). And while Dr. Price suggests that she was unable to afford expedited shipping when she mailed her complaint, D.E. 73, at p. 3, there is no evidence that her complaint would have been timely filed if she had been able to. Nor is there evidence that any extraordinary circumstances required her to wait until the last minute to try the mail.

Even assuming the most favorable timeline of events for Dr. Price, and generously construing the filings before the Court, there is no dispute of material fact as to whether Dr. Price failed to timely file her claim or as to whether her failure to do so was excusable. Because lack of timeliness is dispositive, the Court will

dismiss this case on that basis and will not proceed to analyze the merits of Dr. Price's claims.

## CONCLUSION

For these reasons, the Court adopts the disposition recommended by the magistrate judge and concurs in the Recommendation as it relates to the timeliness analysis. The Court GRANTS Defendant's motion for summary judgment for all counts. D.E. 54. The Court further ORDERS the lawsuit DISMISSED with PREJUDICE

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 23rd day of October, 2026.

*/s/ David A. Bragdon*
United States District Judge